## M'Coy *against* Hutchinson.

The compromise of a doubtful right is a sufficient consideration to establish the boundary line between conflicting titles, and although in making such compromise the parties act in good faith, but in a mutual mistake of the law, yet will it bind them.

ERROR to the Common Pleas of *Washington* county.

Thomas Hutchinson against Catharine M'Coy and Thomas M'Coy. The plaintiff claimed under a patent from the State of Virginia to Richard Yates, from whom the title passed regularly to the plaintiff. The defendants claimed under a patent from the State of Pennsylvania to Thomas Shields, who conveyed to George M'Donald, from whom the title passed regularly to the defendants.

D. M'Donald, sworn. I am acquainted with the land in dispute. Was not present when there was any agreement, but was present when Cedar Point was divided between A. M'Coy and Wm. and Geo. M'Donald. When we came to the disputed land, Mr Leet (artist) waited until Hutchinson came. Hutchinson and Geo. M'Donald related over the agreement that Shields agreed to let Hutchinson fill his Pennsylvania patent, if he would give him no more trouble about the Virginia entry or survey, as Shields said it was not good, and Mr Leet concurred. It was agreed between the parties then that the line should be run according to the Pennsylvania patent. It was so done and I blazed the line. They said they were glad it had been compromised; this was in May 1801. Mr Hutchinson stated that R. Yeates advised him to get a Pennsylvania patent. They certainly agreed at the time as above stated, as to the line, and still expressed their gratification at the agreement as made.

On this subject the court below thus instructed the jury:—

"It is alleged by the defendants that James Hutchinson and Thomas Shields, who then owned the lands now held by the defendants, agreed that the line of Hutchinson's Pennsylvania survey should be the line between them. This is denied, but if true, would not divest the plaintiff's title, and much less, if it was induced by the representations of Shields that the Virginia title was not worth a straw. Title perfected by patent cannot be

[M'Coy v. Hutchinson.]

devested and conveyed by parol. If, therefore, there was such agreement as stated by John M'Donald, it would not devest the title of the plaintiff."

*Shaler*, for plaintiff in error.
*M'Kennan*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—Without undertaking to decide whether the plaintiff's title under the State of Virginia is good, a point which does not appear to have been seriously contested on the trial, or whether taking out a patent in this State, excluding the land in dispute, be an abandonment of that title, yet such reasonable doubt exists as to both these questions as to make them fair subjects of compromise. This was an important question in the cause. One of the witnesses says he was present when the land was divided between A. M'Coy and George M'Donald. That an agreement between Shields, who formerly owned the land, and Hutchinson, was related over in his presence, by which it was agreed to let Hutchinson fill his Pennsylvania patent if he would give Shields no more trouble about the Virginia entry or survey, which Shields contended was not good, whereupon it was agreed between them that the line should be run according to the Pennsylvania patent. That it was so done, and he blazed the line. Notwithstanding this testimony, however, the court instructed the jury, that even admitting there was such an agreement, it would not devest the plaintiff's title under the Virginia entry. In this instruction we think the court was in error, for a compromise of a doubted or doubtful right is a sufficient consideration to establish the boundaries between conflicting claims. So it has been decided in a recent case, not yet reported, that the court will not relieve from the consequences of a mutual mistake of the law, when the parties have acted in good faith.

Judgment reversed, and *venire de novo* awarded.